**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| **SIANA OIL & GAS CO., LLC** | § | **CASE NO. 23-32279 (JPN)** |
| | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |
| | § | |

**CHAPTER 11 TRUSTEE'S MOTION TO**
<u>**CONVERT CASE TO CHAPTER 7**</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO:   THE HONORABLE JEFFREY P. NORMAN,
       UNITED STATES BANKRUPTCY JUDGE

Allison D. Byman, the chapter 11 trustee for the above-styled case (the "**Trustee**"), through her undersigned proposed counsel, hereby files her *Motion to Convert Case to Chapter 7* (the "**Motion**"), pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), and in support thereof would respectfully submit as follows:

1

HB: 4883-9321-3324.5

## I.  INTRODUCTION

1.        Siana Oil & Gas Co., LLC's (the "**Debtor**") bankruptcy case should be converted to a case under chapter 7 of the Bankruptcy Code.  The Debtor has reported that several operators have suspended or withheld its share of substantial production revenues attributable to producing wells in which it asserts working interests.  The Debtor also has no operations, employees, or accurate and updated financial information and has not filed federal income tax returns for tax years 2020, 2021, and 2022.  The Debtor has failed to maintain reporting and permitting with the Texas Railroad Commission.  Additionally, the Debtor has reported accounting, business, financial, and legal problems—the resolution of which will involve considerable time and expense. Therefore, the Debtor has no business to reorganize and cannot show that there is a reasonable likelihood for rehabilitation.  Neither the interests of the Debtor's creditors nor its bankruptcy estate (the "**Estate**") would be served by having the Debtor continue to unnecessarily incur the expenses associated with a chapter 11 reorganization.  Accordingly, there is "cause" under section 1112(b) of the Bankruptcy Code for the Court to convert the above-styled case (the "**Case**") to a case under chapter 7 of the Bankruptcy Code.

## II.  JURISDICTION, VENUE, AND PREDICATE FOR RELIEF

2.        The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The predicates for the requested relief are sections 105 and 1112 of the Bankruptcy Code, rules 1017, 1019, 2002, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (individually, a "**Bankruptcy Rule**" and collectively, the "**Bankruptcy Rules**"), and rules 2002-

1, 9013-1, and 9013-2 of the Bankruptcy Local Rules for the Southern District of Texas (individually, a "**Local Rule**" and collectively, the "**Local Rules**").

### III.  CORE PROCEEDING

4.      This is a core proceeding under 28 USC § 157(b)(2)(A) and (O).  Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the relief requested in the Motion.  Moreover, the Trustee consents to the Bankruptcy Court's entry of final orders on the Motion.

5.      To the extent that the Bankruptcy Court determines that it does not have authority to enter final orders on a portion of or all of the relief requested in the Motion, the Trustee requests that the Court issue a report and recommendation for a final order to the United States District Court for the Southern District of Texas, Houston Division.

### IV.  BACKGROUND

6.      On June 27, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and elected to proceed under subchapter V. According to the Debtor's bankruptcy schedules, Thomas M. Ragsdale aka Tom M. Ragsdale ("**Mr. Ragsdale**") is the president and sole member of the Debtor.  *See* Docket No. 29, p. 63, ¶ 28.

7.      In its *Chapter 11 Subchapter V Status Report*, the Debtor reported that several operators have suspended or withheld its share of substantial production revenues.  *See* Docket No. 32, ¶¶ 11-12.  The Debtor further stated that it may need to file actions against several operators.  *Id.* at ¶ 5.  Moreover, the Debtor has no operations, employees, or accurate and updated financial information and has not filed federal income tax returns for tax years 2020, 2021, and 2022.  *Id.* at ¶¶ 1–2, 4, 10.  The Debtor also indicated that it expected to retain Consolidated Asset

Management Services (Texas), LLC ("**CAMS**") to update and improve its financial information, but the Debtor never filed an application to retain CAMS.  *See* Docket No. 32, ¶ 2.

8.      In the *Unsworn Declaration Under Penalty of Perjury for Section 1116 Documents*, Mr. Ragsdale declared that many of the Debtor's financial documents were destroyed.  *See* Docket No. 51, ¶¶ 2, 5, and 9.  The Debtor was unable to locate a balance sheet, profit and loss statement, or statement of operations.  *Id*.

9.      On August 30, 2023, Mewbourne Oil Company ("**Mewbourne**"), an operator of wells in which the Debtor asserts working interests, filed a complaint in interpleader against, among others, the Debtor and its affiliate, Siana Operating LLC, commencing Adversary Proceeding 23-03180 (the "**Interpleader Action**").  The Interpleader Action involves, among other things, a dispute over title to certain oil and gas working interests and conflicting claims asserted by various parties against the net suspended proceeds from production (the "**Suspense Funds**") attributable to eight producing wells operated by Mewbourne, referred to as the Inland Wells.  According to the complaint, as of August 30, 2023, the Suspense Funds total approximately $3,593,838.58.

10.     On September 17, 2023, the Debtor filed an amended voluntary petition, removing its election for treatment under subchapter V of chapter 11 of the Bankruptcy Code.  [Docket No. 68].

11.     On September 17, 2023, the United States Trustee for Region 7 filed the *Expedited Motion of United States Trustee to Convert Case to Chapter 7, or in the Alternative, to Appoint a Chapter Trustee, or in the Alternative, to Dismiss Case with Prejudice*.  [Docket No. 69].

12.     On September 25, 2023, the Court entered the *Agreed Order Granting Motion to Appoint Chapter 11 Trustee* and directing the Office of United States Trustee to appoint a chapter 11 trustee.  [Docket No. 78].

13.     On September 7, 2023, the Debtor filed operating reports for June and July of 2023. [Docket Nos. 62 and 63].

14.     On September 28, 2023, the Court entered its *Order Approving the Appointment of Chapter 11* Trustee, thereby appointing Allison D. Byman to serve as the chapter 11 trustee for the Case.  [Docket No. 86].

15.     On October 26, 2023, Mewbourne filed its *Second Complaint in Interpleader and for Declaratory Judgment*, against, among others, the Debtor and its affiliate, Siana Operating LLC, thereby commencing Adversary Proceeding 23-03229 (the "**Second Interpleader Action**"). [Docket No. 95].  The Second Interpleader Action involves, among other things, a dispute over title to certain oil and gas real property and the conflicting claims asserted by various parties against the net suspended proceeds from production (the "**Other Suspense Funds**") attributable to thirty (30) producing wells operated by Mewbourne.  According to the complaint, as of October 17, 2023, the Other Suspense Funds total approximately $1.7 million.

16.     Subsequent to her appointment, the Trustee has retained professionals to assist her with her duties, including, legal counsel, accountants, and CAMS.  [Docket Nos. 111, 126, and 130].  With the assistance of her professionals, the Trustee has undertaken efforts to gather the Debtor's records and investigate the Debtor's business affairs.  To date, the Trustee has determined that the Debtor's affairs are in complete disarray – *i.e.*, a complete lack of financial records, losing permitting from the Texas Railroad Commission, involved in numerous lawsuits, evidence of

potential fraudulent transfers or unrepaid loans made to the entities owned and controlled by Mr. Ragsdale, and the Debtor's bankruptcy schedules are likely inadequate.

## V.  <u>REQUESTED RELIEF</u>

17.    For the reasons set forth in detail below, the Trustee seeks the entry of an order converting the Case from one under chapter 11 of the Bankruptcy Code to a case under chapter 7 of the Bankruptcy Code.  The instant facts demonstrate that the requested relief is proper and in the best interests of the Debtor, its creditors, and the Estate.  Accordingly, the Motion should be granted.

## VI.  <u>ARGUMENTS AND AUTHORITIES</u>

**A.**    **SECTION 1112(B) OF THE BANKRUPTCY CODE**

18.    Section 1112(b) of the Bankruptcy Code provides, in pertinent part:

(b)

(1) . . . [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

11 U.S.C. § 1112(b)(1).

19.    Section 1112(b)(4) contains a non-exhaustive list of examples of cause meriting conversion or dismissal.  Under section 1112(b)(4), "cause" includes, in pertinent part, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  11 U.S.C. § 1112(b)(4)(A).  Moreover, "cause" also includes "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."  11 U.S.C. § 1112(b)(4)(J).

20.     The Fifth Circuit Court of Appeals has instructed that "[t]he inquiry under § 1112 is case-specific, focusing on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 371-72 (5th Cir.1987) (*en banc*).  Each debtor's viability and prospects must be evaluated "in light of the best interest of creditors and the estate." *Id*.; *see also In re TMT Procurement Corp.*, 534 B.R. 912, 917-918 (Bankr. S.D. TX. 2015).  Moreover, the party seeking dismissal or conversion bears the burden of proving cause by a preponderance of the evidence. *Id*.

**B.      CAUSE EXISTS TO CONVERT THE CASE DUE TO CONTINUING DIMINUTION OF THE ESTATE AND THE ABSENCE OF A REASONABLE LIKELIHOOD OF REHABILITATION**

21.     Cause exists to convert the Case under section 1112(b)(4)(A) of the Bankruptcy Code because of substantial or continuing loss to or diminution of the Estate and the absence of a reasonable likelihood of rehabilitation.   "When examining the movant's evidence for loss or diminution, courts must look beyond a debtor's financial statements and make a full evaluation of the present condition of the estate." *In re Zamora-Quezada*, 622 B.R. 865, 881 (Bankr. S.D. Tex., 2017) (internal quotations and citations omitted).  While the Debtor's operating reports for June and July 2023 reflect net cash flow of $11,269.95 and $1,133.70, respectively, the Debtor has reported that operators have suspended its share of net production proceeds from producing wells in which it asserts working interests.  Moreover, the Trustee has been unable to verify the accuracy of such operating reports, especially given the lack of accounting records.  Due to the lack of accounting records, it is currently unclear if the Debtor's share of production proceeds, after the payment of all operating expenses and severance taxes, result in a positive cash flow position for the Estate each month.

HB: 4883-9321-3324.5

22.     By remaining in chapter 11, the Debtor continues to unnecessarily incur the fees and expenses associated with a chapter 11 reorganization, including, but not limited to, those associated with the preparation and filing of monthly operating reports, incurring quarterly UST Fees, and requirements related to the preparation and solicitation of a disclosure statement and plan of reorganization, all of which only serve to dimmish the Estate.

23.     Additionally, the Debtor does not have a reasonable likelihood of rehabilitation. The rehabilitation analysis "focuses not on whether a debtor can propose a plan that can be successful, but rather whether the debtor can be put back in good condition and whether the debtor's business prospects justify continuance of the reorganization effort." *Id.* (internal quotations and citations omitted). In the instant Case, the Debtor is no longer operating, has no employees, and has lost permitting. "In the absence of an operating business to reorganize, it makes more sense for the case to proceed under Chapter 7 than under Chapter 11." *In re Green Jane, Inc*., 2017 WL 2312851, *6 (Bankr. C.D. Cal., 2017) (holding that conversion to chapter 7 is preferable to appointment of a chapter 11 trustee, in part, because the debtor had no operating business). Given the state of Debtor's business operations—or lack thereof—there is no justification to continue efforts to reorganize the Debtor's business because there is no business to reorganize. The Debtor's affairs can be resolved in a chapter 7 case and to the extent there is equity after creditor claims have been satisfied it can be returned to the Debtor's equity holder. Moreover, the state of the Debtor's business and financial records, as discussed below, further supports the proposition that the Debtor lacks a reasonable likelihood of rehabilitation.

24.     Finally, cause exists to convert the Case under section 1112(b)(4)(J) of the Bankruptcy Code due to the Debtor's inability to file a disclosure statement or to file or confirm a plan. 11 U.S.C. § 1112(b)(4)(J). Prior to the Trustee's appointment, the Court established a

deadline for the Debtor to file a disclosure state and plan in the Case, which was ninety (90) days after the Petition Date (September 19, 2023). *See* Docket No. 3. A review of the docket for the Case demonstrates that the Debtor has not complied with the deadline established by the Court, and there is no evidence that the Debtor has undertaken significant efforts to formulate, much less file, a disclosure statement and plan of reorganization to date.

25.     As discussed above, the Debtor has been unable to provide any of its business or financial records and has not filed tax returns for tax years 2020, 2021, and 2022. In fact, the Debtor reported that many of its financial documents were destroyed. Specifically, the Debtor has been unable to locate a balance sheet, profit and loss statement, or statement of operation. Without such records, the Debtor will be unable to propose and confirm a chapter 11 plan of reorganization – and even assuming the most favorable turn of events with respect to obtaining business records, not in the foreseeable future. Although the Debtor expressed an intention to update and improve its financial information, no documentation has been filed to show such improvement. In fact, it was not until the Trustee's appointed that any meaningful action was taken to improve the state of the Debtor's financial records and that process is anticipated to be ongoing through April of 2024. Without the necessary business and financial records needed to formulate a plan of reorganization, any plan process would be further delayed and require that the Debtor linger in chapter 11 for an extended period, which would only serve to further diminish the assets of the Estate by continuing to unnecessarily incur the fees and expenses associated with a chapter 11 reorganization.

26.     Both the creditors and the Estate would be best served if the case were converted and the current chapter 11 trustee were appointed as the  chapter 7 trustee so that she could focus her efforts on (i) an examination of potential Estate claims in the Interpleader Action and the Second Interpleader Action regarding both the Suspense Funds and the Other Suspense Funds, (ii)

an investigation of any other Estate assets and causes of actions, and (iii) pursuing clarification of the Debtor's accounting, business, and financial problems, without the added (a) distraction related to the allocation of time and effort required to prepare, propose, and solicit a chapter 11 plan and (b) administrative expenses associated with a chapter 11 case.  Thus, cause exists under section 1112(b) of the Bankruptcy Code to convert the Case because, as explained above, such conversion is in the best interests of the Debtor, its creditors, and the Estate.

## VII. **CONCLUSION**

27.     For the reasons set forth herein, the Trustee, respectfully requests that this Court enter an order converting the Case to a case under chapter 7 of the Bankruptcy Code, and for any and all further relief, both at law and in equity, to which she may justly be entitled.

SIGNED February 14, 2024                    Respectfully Submitted,


                                                                **HUSCH BLACKWELL LLP**


                                                                */s/ Timothy A. Million*
                                                                Timothy A. Million
                                                                State Bar No. 24051055
                                                                600 Travis Street, Suite 2350
                                                                Houston, TX 77002
                                                                T: 713.525.6221
                                                                F: 713.657.6884
                                                                tim.million@huschblackwell.com

                                                                COUNSEL FOR ALLISON D.
                                                                BYMAN, CHAPTER 11 TRUSTEE

HB: 4883-9321-3324.5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in this bankruptcy case or via United States first-class mail on non-ECF participants per the attached service list, at the time of filing on February 14, 2024.

/s/ *Timothy A. Million*
Timothy A. Million

11

**PARTIES REQUESTING NOTICE**
**SERVED VIA ECF**

| | | |
|---|---|---|
| **BANKRUPTCY ATTY. ALDINE INDEPENDENT SCHOOL DISTRICT** 2520 W.W. THORNE BLVD. LEGAL DEPARTMENT HOUSTON, TX 77073 United States bnkatty@aldineisd.org *(Creditor)* | represented by | **Pamela A. Walters** Aldine Independent School District 2525 W.W. Thorne Blvd Houston, TX 77073 bnkatty@aldineisd.org |
| **Aldine OIl and Gas LP** *(Creditor)* | represented by | **Jill Megan Hale** Foley Gardere 1000 Louisiana St., Ste 2000 Houston, TX 77002 jhale@foley.com |
| | | **Timothy C. Mohan** Foley & Lardner LLP 1400 16th Street, Suite 200 Suite 2020s Denver, CO 80202 tmohan@foley.com |
| | | **Charles Michael Seely** Foley & Lardner LLP 1000 Louisiana St Ste 2000 Houston, TX 77002 mseely@foley.com |
| **Bailey Leasehold LP** *(Assignee)* | represented by | **John Thomas Oldham** Okin Adams LLP 1113 Vine St., Suite 240 Houston, TX 77002 joldham@okinadams.com |
| | | **Jesse Rucker Pierce** Pierce & O'Neill, LLP 4203 Montrose Blvd. Houston, TX 77006 jpierce@pierceoneill.com |

**David Barr**
*(Assignee)*

represented
by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Lisa Barr**
*(Assignee)*

represented
by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Blanco Holdings I, LTD**
*(Assignee)*

represented
by

**John W Havins**
Havins & Asoc PC
2211 Norfolk, Ste 525
Houston, TX 77002
jhavins@havinsandassociates.com

**James B. Jameson**
Jameson & Associates
P. O. Box 980575
Houston, TX 77098
jbjameson@jamesonlaw.net

**James J Braniff, III**
*(Assignee)*

represented
by

**John W Havins**
Havins & Asoc PC
2211 Norfolk, Ste 525
Houston, TX 77002
jhavins@havinsandassociates.com

**James B. Jameson**
Jameson & Associates
P. O. Box 980575
Houston, TX 77098
jbjameson@jamesonlaw.net

**Allison D Byman**
Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
adb@bymanlaw.com
*(Trustee)*

represented by

**Timothy Aaron Million**
Husch Blackwell LLP
600 Travis Street, Suite 2350
Houston, TX 77002
tim.million@huschblackwell.com

**Chase Oil Corporation**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Chord Energy**
c/o Jackson Walker LLP
Attn: Bruce J. Ruzinsky
1401 McKinney Street, Suite 1900
Houston, TX 77010
bruzinsky@jw.com
*(Creditor)*

represented by

**Bruce J Ruzinsky**
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
bruzinsky@jw.com

**Christopher M. Cokinos**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Kevin M. Cokinos**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

HB: 4854-6503-9781.1

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Crane County**
112 E Pecan Street, Suite 2200
San Antonio, TX 78205
*(Creditor)*

represented by

**Don Stecker**
Linebarger Groggan Blair
Sampson LLP
112 E. Pecan Street, Ste 2200
San Antonio, TX 78205
sanantonio.bankruptcy@lgbs.com

**Ector CAD**
112 E Pecan Street, Suite 2200
San Antonio, TX 78205
*(Creditor)*

represented by

**Don Stecker**
Linebarger Groggan Blair
Sampson LLP
112 E. Pecan Street, Ste 2200
San Antonio, TX 78205
sanantonio.bankruptcy@lgbs.com

**James A Gibbs**
*(Party in interest)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Harris County**
Linebarger Goggan Blair & Sampson LLP
C/O Jeannie Lee Andresen
P.O. Box 3064
Houston, Tx 77253-3064
houston_bankruptcy@lgbs.com
*(Creditor)*

represented by

**Jeannie Lee Andresen**
Linebarger Goggan Blair &
Sampson LLP
PO BOX 3064
Houston, TX 77253-3064
houston_bankruptcy@lgbs.com

**R. Miller Houghton**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

|  | | |
|---|---|---|
|  | | **Jesse Rucker Pierce**<br>Pierce & O'Neill, LLP<br>4203 Montrose Blvd.<br>Houston, TX 77006<br>jpierce@pierceoneill.com |
| **Thomas A Howley**<br>Howley Law PLLC<br>711 Louisiana Street, Ste. 1850<br>Houston, TX 77002<br>tom@howley-law.com<br>*(Trustee)* | represented by | **Thomas A Howley**<br>Howley Law PLLC<br>711 Louisiana Street, Ste. 1850<br>Houston, TX 77002<br>tom@howley-law.com |
| **Irion County**<br>c/o Julie Anne Parsons<br>P.O. Box 1269<br>Round Rock, TX 78680<br>*(Creditor)* | represented by | **Julie Anne Parsons**<br>McCreary Veselka Bragg & Allen PC<br>PO Box 1269<br>Round Rock, TX 78680<br>jparsons@mvbalaw.com |
| **James J. Woodcock Oil & Gas LP**<br>*(Assignee)* | represented by | **John Thomas Oldham**<br>Okin Adams LLP<br>1113 Vine St., Suite 240<br>Houston, TX 77002<br>joldham@okinadams.com |
|  | | **Jesse Rucker Pierce**<br>Pierce & O'Neill, LLP<br>4203 Montrose Blvd.<br>Houston, TX 77006<br>jpierce@pierceoneill.com |
| **Jefferson County**<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Jeannie Lee Andresen<br>P.O. Box 3064<br>Houston, TX 77253-3064<br>houston_bankruptcy@lgbs.com<br>*(Creditor)* | represented by | **Jeannie Lee Andresen**<br>Linebarger Goggan Blair &<br>Sampson LLP<br>PO BOX 3064<br>Houston, TX 77253-3064<br>houston_bankruptcy@lgbs.com |
| **KLEIN INDEPENDENT SCHOOL DISTRICT AND CYPRESS FOREST PUBLIC UTILITY DISTRICT**<br>*(Creditor)* | represented by | **Melissa E Valdez**<br>Perdue Brandon Fielder Collins & Mott<br>1235 North Loop West, Suite 600<br>Houston, TX 77008<br>mvaldez@pbfcm.com |

**Matagorda County**
Linebarger Goggan Blair & Sampson LLP
c/o Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253-3064
houston_bankruptcy@lgbs.com
*(Creditor)*

represented by

**Jeannie Lee Andresen**
Linebarger Goggan Blair &
Sampson LLP
PO BOX 3064
Houston, TX 77253-3064
houston_bankruptcy@lgbs.com

**Mewbourne Oil Company**
*(Creditor)*

represented by

**Patrick L Hughes**
Haynes and Boone LLP
1221 McKinney, Suite 4000
Houston, TX 77010-2007
hughesp@haynesboone.com

**Mitby Pacholder Johnson PLLC**
1001 McKinney
Suite 925
Houston, TX 77002
*(Creditor)*

represented by

**Steven J Mitby**
Mitby Pacholder Johnson PLLC
1001 McKinney St., Suite 925
Houston, TX 77002
smitby@mitbylaw.com

**Montgomery & Andrews, P.A.**
*(Creditor)*

represented by

**Sharon T Shaheen**
Montgomery & Andrews, P.A.
PO Box 2307
Santa Fe, NM 87504
sshaheen@montand.com
*LEAD ATTORNEY*

**New Mexico State Land Office**
*(Creditor)*

represented by

**Patrick Kelley**
Patrick Kelley, PLLC
112 E. Line. Ste 203
Tyler, TX 75702
pat@patkelleylaw.com

**Angela Swenson**
New Mexico Attorney General
201 Third Street N.W., Ste. 300
Albuquerque, NM 87102
aswenson@nmag.gov

**Pacific VR LLC**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

HB: 4854-6503-9781.1

|  |  |  |
|---|---|---|
|  |  | **Jesse Rucker Pierce**<br>Pierce & O'Neill, LLP<br>4203 Montrose Blvd.<br>Houston, TX 77006<br>jpierce@pierceoneill.com |
| **George M. Ragsdale**<br>*(Assignee)* | represented by | **John Thomas Oldham**<br>Okin Adams LLP<br>1113 Vine St., Suite 240<br>Houston, TX 77002<br>joldham@okinadams.com |
|  |  | **Jesse Rucker Pierce**<br>Pierce & O'Neill, LLP<br>4203 Montrose Blvd.<br>Houston, TX 77006<br>jpierce@pierceoneill.com |
| **Thomas M Ragsdale**<br>*(Interested Party)*<br>PRO SE | represented by | **Brenda Lynn Funk**<br>Munsch Hardt Kopf & Harr, P.C.<br>700 Milam Street, Suite 800<br>Houston, TX 77002<br>bfunk@munsch.com<br>*TERMINATED: 01/04/24* |
|  |  | **Alexander Rafael Perez**<br>Munsch Hardt Kopf & Harr, P.C.<br>700 Milam Street, Suite 800<br>Houston, TX 77002<br>arperez@munsch.com<br>*TERMINATED: 01/04/24* |
| **Railroad Commission of Texas**<br>c/o Office of the Attorney General<br>Bankruptcy & Collections Division<br>P. O. Box 12548<br>Austin, TX 78711-2548<br>*(Interested Party)* | represented by | **Abigail Rushing Ryan**<br>Office of the Texas Attorney General<br>P. O. Box 12548<br>Austin, TX 78711-2548<br>aryan@sneedvine.com |
| **Siana Oil & Gas Co., LLC**<br>PO Box 2246<br>Conroe, TX 77305-2246<br>Tax ID / EIN: 80-0013133<br>*(Debtor)* | represented by | **Reese W Baker**<br>Baker & Associates<br>950 Echo Lane. Suite 300<br>Houston, TX 77024<br>courtdocs@bakerassociates.net |

**Siana Operating, LLC**
*(Interested Party)*

represented by

**Brenda Lynn Funk**
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, TX 77002
bfunk@munsch.com

**Alexander Rafael Perez**
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, TX 77002
arperez@munsch.com

**Sterling County**
Linebarger Goggan Blair & Sampson, LLP
c/o John Kendrick Turner
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207
dallas.bankruptcy@lgbs.com
*(Creditor)*

represented by

**John Kendrick Turner**
Linebarger Goggan Blair &
Sampson, LLP
2777 N. Stemmons Fwy., Ste 1000
Dallas, TX 75207
john.turner@lgbs.com

**Tajos Oil & Gas Ltd.**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

**Brett Taylor**
*(Assignee)*

represented by

**John Thomas Oldham**
Okin Adams LLP
1113 Vine St., Suite 240
Houston, TX 77002
joldham@okinadams.com

**Jesse Rucker Pierce**
Pierce & O'Neill, LLP
4203 Montrose Blvd.
Houston, TX 77006
jpierce@pierceoneill.com

| | | |
|---|---|---|
| **Texas Comptroller of Public Accounts, Revenue Accounting Division**<br>Christopher S. Murphy<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>*(Creditor)* | represented by | **Christopher S Murphy**<br>Texas Attorney General's Office<br>PO Box 12548<br>Austin, TX 78711<br>bk-cmurphy@oag.texas.gov |
| **Tom Green CAD**<br>Linebarger Goggan Blair & Sampson, LLP<br>c/o John Kendrick Turner<br>2777 N. Stemmons Freeway, Suite 1000<br>Dallas, TX 75207<br>dallas.bankruptcy@lgbs.com<br>*(Creditor)* | represented by | **John Kendrick Turner**<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N. Stemmons Fwy., Ste. 1000<br>Dallas, TX 75207<br>john.turner@lgbs.com |
| **US Trustee**<br>Office of the US Trustee<br>515 Rusk Ave, Ste 3516<br>Houston, TX 77002<br>USTPRegion07.HU.ECF@USDOJ.GOV<br>*(U.S. Trustee)* | represented by | **Hector Duran, Jr**<br>U.S. Trustee<br>515 Rusk, Ste 3516<br>Houston, Tx 77002<br>Hector.Duran.Jr@usdoj.gov<br>*LEAD ATTORNEY* |
| **Ward County**<br>112 E Pecan Street, Suite 2200<br>San Antonio, TX 78205<br>*(Creditor)* | represented by | **Don Stecker**<br>Linebarger Groggan Blair Sampson LLP<br>112 E. Pecan Street, Ste 2200<br>San Antonio, TX 78205<br>sanantonio.bankruptcy@lgbs.com |
| **Wellington Hotwell I, LP**<br>*(Assignee)* | represented by | **John Thomas Oldham**<br>Okin Adams LLP<br>1113 Vine St., Suite 240<br>Houston, TX 77002<br>joldham@okinadams.com |
| | | **Jesse Rucker Pierce**<br>Pierce & O'Neill, LLP<br>4203 Montrose Blvd.<br>Houston, TX 77006<br>jpierce@pierceoneill.com |
| **Vonnie Wenck**<br>*(Assignee)* | represented by | **John Thomas Oldham**<br>Okin Adams LLP<br>1113 Vine St., Suite 240<br>Houston, TX 77002<br>joldham@okinadams.com |

|  |  | **Jesse Rucker Pierce**<br>Pierce & O'Neill, LLP<br>4203 Montrose Blvd.<br>Houston, TX 77006<br>jpierce@pierceoneill.com |
|---|---|---|
| **White Oak Operating Company LLC**<br>c/o Christopher R. Murray, Ch. 7 Trustee<br>602 Sawyer St., Suite 400<br>Houston, Tx 77007<br>*(Creditor)* | represented by | **Erin Elizabeth Jones**<br>Jones Murray LLP<br>602 Sawyer, Suite 400<br>Houston, TX 77007<br>erin@jonesmurray.com |
| **Christopher Murray as Chapter 7 Trustee White Oak Resources VI, LLC**<br>*(Creditor)* | represented by | **Jacqueline Chiba**<br>Jones Murray LLP<br>602 Sawyer Street, Suite 400<br>Houston, TX 77002<br>jackie@jonesmurray.com |

## PARTIES RECEIVING NOTICE VIA US MAIL

Blue Crow Properties
215 s. Lamar Blvd., G
Austin, TX 78704-1043

Bullzeye Oilfield Services, LLC
26302 Tuscan Woods
San Antonio, TX 78261-2656

Cypress Forest Public Utility District
12841 Capricorn St.
Stafford, TX 77477-3912

Cavin & Ingram, PA
c/o Scott Morgan
40 First Plaza, Suite 610
Albuquerque, NM 87102-5801

Commissioner of Public Lands for the State
of Texas
c/o Ari Biernoff, General Counsel
PO Box 1148
Santa Fe, NM 87504-1148

Comptroller of Public Accounts
c/o Office of the Attorney General
Bankruptcy-Collections Div MC-008
PO Box 12548
Austin, TX 78711-2548

Gardere Wynne Sewell
1000 Louisiana St., Suite 200
Houston, TX 77002-2099

Oasis Petroleum North America LLC
c/o Chord Energy
Attn:  Jason, Weddle, Managing Director
1001 Fannin, Suite 1500
Houston, TX 77002-6739

Thomas M. Ragsdale
Siana Oil & Gas Co., LLC
8500 Cypresswood Dr., Suite 104
Spring, TX 77379

RLI Insurance Company
8 Greenway Plz., Suite 400
Houston, TX 77046-1000

HB: 4854-6503-9781.1

Rapid Response Judgment Enforcement, LLC
8 Legends Ct.
San Antonio, TX 78257-1701

Standard Energy Services
2310 Fordham St.
Lubbock, TX 79415-2002

White Oak Operating Company, LLC
c/o MACCO Restructuring Group, LLC
Attn:  Drew McManigle
700 Milam St., Suite 1300
Houston, TX 77002-2736

White Oak Resources VI, LLC
16945 Northchase Drive, Suite 1700
Houston, TX 77060-2173

Zurich American Insurance Company
PO Box 68549
Schaumburg, IL 60168-0549